# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ERIN GONGWER** | ) | CASE NO. |
| 4767 Richland Drive | ) | |
| Columbus, Ohio 43230 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| -vs- | ) | |
| | ) | |
| **MIRROR SHOW MANAGEMENT,** | ) | |
| **INC.** | ) | **PLAINTIFF'S COMPLAINT** |
| c/o Statutory Agent | ) | |
| Registered Agents Inc. | ) | |
| 6545 Market Avenue North | ) | |
| Suite 100 | ) | **(JURY DEMAND ENDORSED** |
| North Canton, Ohio 44721 | ) | **HEREON)** |
| | ) | |
| Defendant. | ) | |

## PARTIES

1. Plaintiff Erin Gongwer hereinafter referred to as ("Plaintiff" or "Ms. Gongwer") is a citizen of the United States and resides in Franklin County, State of Ohio.

2. Defendant Mirror Show Management, Inc., hereinafter referred to as ("Defendant") is a foreign corporation, conducting business within the State of Ohio, with its principal place of business located 855 Hard Road, Webster, New York 14580.

## JURISDICTION AND VENUE

3. Pursuant 28 U.S.C. 1332, this Court has diversity jurisdiction in that this dispute arises between parties of two different states and the amount in controversy exceeds $75,000.00

4. Plaintiff is asserting three state law claims under Section 4112 of the Ohio Revised Code.

5. Plaintiff has fulfilled all conditions required to pursue a civil action pursuant to O.R.C. 4112.052 in that she filed a Charge of Discrimination with the Ohio Civil Rights Commission pursuant to O.R.C. 4112.051 and received the Notice of Right to Sue Letter attached as Exhibit 1 to Plaintiff's Complaint.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) of the United States Code as the acts and/or omissions outlined in the claims alleged below occurred within the jurisdiction of this Court.

## FACTUAL BACKGROUND

7. Defendant is a trade show and events company specializing in creating unique customer experiences using the latest technology.

8. Defendant creates and builds custom trade show exhibits, retail spaces, and experiential events and provides complete trade show and corporate event management solutions.

9. On or around April 2021, Ms. Gongwer was hired by Defendant as a Product Manager.

10. In her role as Product Manager, Ms. Gongwer reported directly to Chief Enterprise Architect Joe Reazor ("Reazor")

11. During her employment, Ms. Gongwer received accolades and praises regarding her performance.

12. On July 26, 2021, Reazor completed a three (3) month evaluation of Ms. Gongwer's performance and rated her as "consistently above standard."

13. On August 19, 2021, Ms. Gongwer advised Reazor and Human Resources Associate Cristina Thomas ("Thomas") that she had been diagnosed with cancer and would need approximately four (4) to six (6) weeks off in December for surgery.

14. Approximately six (6) hours later, Reazor contacted Ms. Gongwer requesting that she

make herself available for meeting with him and human resources the following morning at 8:15 a.m.

15. Less than twenty-four (24) hours after informing Defendant that she had cancer, Ms. Gongwer was told that she was being laid off due to the Delta Variant related to COVID19 and the need to downsize.

16. At the same time Ms. Gongwer was told that she was being terminated due to the need to downsize, Defendant had three (3) open positions posted, one of which was a Project Manager position – a role in which Ms. Gongwer was performing.

## FIRST CAUSE OF ACTION
(Disability Discrimination in Violation of O.R.C. 4112.02(A))

17. Plaintiff incorporates by reference paragraphs 1-16 as if fully realleged herein.

18. Plaintiff was diagnosed with cervical cancer.

19. As a result of her diagnosis, and at all relevant times hereto, Plaintiff suffered from an impairment within the meaning of Section 4112.01(a)(16)(a) of the Ohio Revised Code.

20. Plaintiff is a qualified individual with a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code and safely and substantially performed the essential functions of her job.

21. Defendant is an employer and person within the meaning of Section 4112 of the Ohio Revised Code.

22. Defendant knew that Plaintiff was disabled.

23. Defendant discriminated against Plaintiff because of her disability by terminating her employment.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to

pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

25. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for economic and non-economic compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
(Perceived Disability Discrimination in Violation of O.R.C. 4112.02(A))

26. Plaintiff incorporates by reference paragraphs 1-26 as if fully realleged herein.

27. As a result of her cancer diagnosis, Defendant perceived and/or regarded Plaintiff as being disabled.

28. Defendant discriminated against Plaintiff because Defendant perceived and/or regarded Plaintiff as having a physical impairment and as a result terminated her employment.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

30. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for economic and non-economic compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION
(Failure to Accommodate in Violation of O.R.C. 4112.02(A))

31. Plaintiff incorporates by reference paragraphs 1-30 as if fully realleged herein.

32. Plaintiff is disabled.

33. Defendant was aware of Plaintiff's disability.

34. Plaintiff was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

35. Defendant failed to engage in the interactive process by failing to discuss and/or provide Plaintiff with a reasonable accommodation for her disability.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

37. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for economic and non-economic compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## **CONCLUSION**

**WHEREFORE,** Plaintiff Erin Gongwer states that she seeks an amount in excess of $75,000 to fully, fairly, and justly compensate her for injury, damage and loss, and respectfully pray that this Court enter judgment in her favor and award her economic and non-economic compensatory damages, back wages, interest, fringe benefits, witness fees and fees for experts, consequential damages, liquidated damages, incidental damages, punitive damages, all costs and reasonable attorneys' fees, and grant such additional or alternative relief as the Court may determine to be just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ David A. Young*
DAVID A. YOUNG (0065551)
The Law Firm of David A. Young, LLC
The Hoyt Block Building
700 W. St. Clair Avenue, Ste. 316
Cleveland, Ohio 44113
PHONE (216) 621-5100
FAX (216) 621-7810
EMAIL: dyoung@davidyounglaw.com

Attorney for Plaintiff

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
J. Rita McNeil Danish
William W. Patmon, III
Madhu Singh
Charlie Winburn



Angela Phelps-White,
Executive Director

| | |
|---|---|
| **Charging A. Party,**<br>    **Erin Gongwer** | )<br>)<br>)<br>) |
| **v.** | )<br>)<br>) |
| **Respondent,**<br>    **Mirror Show Management** | )<br>)<br>)<br>) |

Charge No. COLB1(49368)01282022
22A-2022-01182

## NOTICE OF RIGHT TO SUE

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdictions over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

**FOR THE COMMISSION**

Aman Mehra
Columbus Regional Director
30 E. Broad St., 4th Floor
Columbus, OH 43215
(614) 466-5928

Date mailed: April 28, 2022

EXHIBIT 1